Judge Fleming,
dissenting, pronounced the following separate opinion.
The court is unanimously of opinion, that the appellee is entitled to relief against the bond taken on an usurious consideration, but differ as to the mode of redress, and also as to the person from whom it, ought, in the first instance, to be. obtained. And, that the grounds of my opinion may be clearly understood, I shall make a brief statement of the case. ' . • . .
The appellant, Thomas B. Fox, held three of- the appellee’s bonds, one fbr 8/. 14s. the second for 112/. and the third for 110/; each carrying interest from the 12th of September, 1802. On the 17th of May, 1803, the appellant, in consideration of forbearance till January, 1804, took the ap? pellee’s bond for 45/, and, in July 1805, on the samé ground, extorted another bond for. 69/. in which (it appears from do-, cuments in the cause,) the bond for 45/. was merged, though the appellant had assigned it to Mrs. J. Nelson, who put it in *249 . suit; and, as the appellee alleges, it was by him paid off.The three bonds first mentioned were severally assigned to different persons ; and that for 110/. came into the hands of Henry Fox ; and, after Taliaferro, the obligor, had promised him payment, he put it in suit, obtained judgment, and issued execution thereon, which being levied, Taliaferro gave a forthcoming bond : and that for 69/. taken on an usurious consideration, was, by the appellant, put into the hands of Benjamin Dabney, (since deceased,) to secure the payment of which, Taliaferro executed to him a mortgage of a tract of land. Taliaferro obtained an injunction to stay further proceedings On Henry Fox’s judgment and consequent forthcoming bond; and prayed that the bonds for 49/. and 69/» might be credited out of Henry Fox’s judgment. It having appeared, at a second hearing of the cause, that the usurious bond for 45/. was included in that taken for 69/.; the chancellor finally dismissed the bill as to Henry Fox, with costs, and decreed that Thomas B. Fox, (the usurer,) who was also a defendant to Taliaferro’s bill, should pay unto the plaintiff the sum of 69/. with six per cent» interest thereon, from the 1st day of July, 1805, till payment, and his costs by him expended in the prosecution of this suit. From which decree Thomas B. Fox appealed to this court.
There is no doubt with any member of the court, but that Taliaferro ought to be fully relieved against the bond exacted from him on an usurious consideration: but it seems to me that his relief ought to be obtained, in the first instance, and immediately, from Thomas B. Fox (the usurer :) therefore, I think, the bill was properly dismissed against Henry Fox, the fair assignee of the bona fide bond for 110/. and the decree correct against Thomas B. Fox, as far as it went. First, because there is .no imputation of fault, or unfair dealing on the part of Henry Fox ; to whom Taliaferro assumed payment of the bond, both before and after it was put in suit» Secondly, because he had a prompt and legal remedy against Thomas B. Fox, (who alone had injured him by his extortion,) by bringing a bill jointly, against him and Benjamin Dabney, into whose hands the usurious bond had fallen. Had'he done *250 so, the bond, thus unrighteously obtained, would have been-immediately declared void, and cancelled, and an end put to the business. And thirdly, because the appellee seems perfectly satisfied with the decree'as'it stands.
It appears to me, however, that Taliaferro, at the institution of his suit, had something further in view than barelycancelling the usurious bond. The judgment and execution of Henry Fox, obtained on a bona fule bond, on which he had given a forthcoming bond, bore hard upon him ; and by the manner of bringing his suit for relief against, the usurU ous bond, he made that a pretext for getting rid of his debt to Henry Fox altogether ; for he prayed relief against both the bond for 45/., and that for 69/. though it came out in evidence, (,as before noticed,) that the former was included in the latter. But, admitting for a moment thaf he had an equitable right to a deduction of the usurious bond, (which he had never paid,) out of the bona fide bonds, first mentioned ; those for 112/. and for 18/. 14?. ought to contribute in proportion to their respective amounts, and not let the whole fall on .that for 110/. assigned to Henry Fox ¡ — but my opinion is, that it should be deducted out of neither.
But it seems to me, that the decree is erroneous in this s that, as it does not appear whether Taliaferro ever paid off the bond of 69/. (to secure the payment of which, he had mortgaged property to Benjamin Dabney,) instead of directing the 69/. with interest, to be paid to Taliaferro, the^money should be lodged in court, there to remain, until that matter be ascertained, under the control-and direction of the chancellor. And that Taliaferro be reimbursed all expences incurred in consequence of his mortgage to Dabney.
But a majority of the court being of opinion, that the appellee be relieved out of the judgment obtained against him by Henry Fox, on the assigned bond of 110/. the decree reported by Judge Roane is to be entered as the decree of this court.